Alexander Z. Lonstein, Esq. (AL7381)
LONSTEIN LAW OFFICE, P.C.
190 South Main Street
P.O. Box 351
Ellenville, New York 12428
Telephone:  845-647-8500
Facsimile:  845-647-6277
Email: Legal@signallaw.com

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
NEWARK DIVISION

--------------------------------------------------------

ZUFFA, LLC D/B/A Ultimate Fighting
Championship,

**PLAINTIFFS MOTION FOR**
**SUMMARY JUDGEMENT ON**
**COUNTS I & III OF**
**COMPLAINT**

                    Plaintiff,

        -against-                            Civil Action No.
                                             2:20-CV-00240-SDW-LDW

MARIO LAVECCHIA Individually, and as officer,
director, shareholder,  principal, manager and/or
member of TEAM LAVECCHIA LLC, d/b/a
PAR 440 RESTAURANT & LOUNGE,

and

TEAM LAVECCHIA LLC, d/b/a PAR 440
RESTAURANT & LOUNGE,

                    Defendants.

------------------------------------------------------

Plaintiff, ZUFFA, LLC, (hereafter "Plaintiff"), hereby moves for Summary Judgment

against Defendants MARIO LAVECCHIA and TEAM LAVECCHIA LLC, on  their liability  to

Plaintiff on the  1st and 3rd cause of action in the Complaint, which alleges violations of 47 USC

§605 and 17 USC §501, respectively.. As the owner of the rights to the May 11, 2019, UFC 237

PPV Event (hereafter the "Program"), upon this Motion, Plaintiff hereby respectfully moves this

Court for an Order granting Summary Judgment as to liability on Counts I and III of the Complaint pursuant to Rule 36 and Rule 56 of the Federal Rules of Civil Procedure in favor of the Plaintiff as against Defendants, MARIO LAVECCHIA, Individually, and an officer, director, shareholder and/or principal of TEAM LAVECCHIA LLC d/b/a PAR 440 RESTAURANT & LOUNGE and TEAM LAVECCHIA LLC d/b/a  PAR 440 RESTAURANT & LOUNGE.

Plaintiff respectfully submits to this Court that no genuine and triable issue exists regarding the liability of the defendants to the Plaintiff on the claim in Counts I and III, and judgment on that cause of action should be entered in Plaintiffs favor regarding liability only, the amount of damages to be determined at a later trial or damages inquest.

The plaintiff has pled  Count I and II under 47 U.S.C. §605et seq. and 47 U.S.C. §553, et seq., alternatively. In the event that Plaintiff is successful in its Summary Judgement motion on Count I for defendants violation of 47 U.S.C. §605et seq., Plaintiff will withdraw its Count II, the §553 portion of the Complaint. There remains no genuine issue of material fact to present to a trier of fact regarding the liability of the defendants to the Plaintiff on the claims in Counts I and III, based on the strict liability provisions of the statute, the evidence of the exhibition along with Defendants' admissions in response to Plaintiff's discovery demands, and for such other and further relief as the Court may deem just and proper under the circumstances.

## PROCEDURAL HISTORY

The plaintiff is the owner and rights holder to the UFC 237 Program scheduled for May 11, 2019, via encrypted digital streaming. The Plaintiff authorized their exclusive content commercially for a licensing fee entered into licensing agreements with various commercial entities in the State of New Jersey, allowing them to publicly exhibit the Broadcast to their patrons.

Upon payment of the appropriate fees and obtaining a commercial exhibition license, the Plaintiff, authorizes commercial establishments to receive the Program.

The Program was also available for non-commercial, private viewing through Plaintiff or its authorized online platforms for residential Pay-Per-View purchase and consumption via the internet. Owners of commercial establishments wishing to avoid paying Plaintiff's licensing fees can surreptitiously gain access to Plaintiff's Broadcasts by purchasing the programming online, without proper authorization, at residential rates, which are greatly discounted compared to the rates required for commercial entities and exhibit those broadcasts for their own commercial benefit and gain. In order for anyone to obtain the Broadcast through a website or application intended for private, non-commercial viewing, an individual purchaser would be provided with terms of service which specifically provide for **noncommercial, personal use only**.

The retained sales record / legal list of every commercial establishment in the State of New Jersey that purchased the commercial license to exhibit the Program in a commercial location is attached as **"Exhibit A".** The defendant's establishment, TEAM LAVECCHIA LLC D/B/A PAR 440 RESTAURANT & LOUNGE located at 440 Parsonage Hill Road, Short Hills, NJ 07078 ("Par 440") was not listed on these records as an establishment that purchased the Program.

On May 11, 2019, the Plaintiff, as part of its anti-piracy efforts, retained auditors to investigate commercial misuse of the Program. The auditors, provided with the list of authorized commercial establishments, would identify establishments, **not** on the list of authorized locations that obtained a commercial license for the Program and yet exhibited the Program publicly within their commercial establishment in violation of Plaintiff's rights. On May 11, 2019, one such auditor, Karen Closkey, entered the establishment, Par 440, located at 440 Parsonage Hill Road, Short Hills, NJ 07078 and verified the exhibition of the Program and obtained video evidence of

the Program being shown. Par 440 located at 440 Parsonage Hill Road, Short Hills, NJ 07078, was

not one of the establishments listed on the authorized location list provided to the auditor. The

auditor videos taken during the site inspection are hyperlinked here and additionally, a disc is being

submitted to the Court containing the videos:

PAR 440 SITE INSPECTION VIDEO

PAR 440 SITE INSPECTION VIDEO 2

PAR 440 SITE INSPECTION VIDEO 3

PAR 440 SITE INSPECTION VIDEO 4

Although the Plaintiff attempted to settle this dispute with the Defendants prior to filing

this litigation, those efforts proved futile. As a result of the information provided in Discovery, it

has been determined that the defendants obtained and publicly exhibited a residential feed of the

UFC 237 program from ESPN +, within the commercial establishment, TEAM LAVECCHIA

LLC D/B/A PAR 440 RESTAURANT & LOUNGE, located at 440 Parsonage Hill Road, Short

Hills, NJ 07078. Defendants had no authority from Plaintiff to exhibit the program at their

commercial establishment. As no genuine issue of facts exists as to the defendants' liability to the

plaintiff under Count I and III of the Complaint, which alleges violations of 47 USC § 605 and 17

USC §501, respectively, Plaintiff moves for Summary judgment on liability herein.

## STANDARD FOR SUMMARY JUDGEMENT

Summary Judgement requires no disputable issue of any material fact that the moving

party is moving for Summary Judgement on. The burden of showing the lack of disputable fact is

on the moving party.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Summary Judgment shall be granted upon a finding that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.C. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).  A dispute is genuine if, upon the evidence, a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986). In deciding a Motion for Summary Judgment, the Court is not to weigh the evidence in an effort to determine the truth of the matter, but rather, the Court's function is to determine if there exists a genuine issue for trial. *Id.*, at 249. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

The plaintiff is moving for Summary Judgment on Counts I and III of their complaint, which alleges violations of 47 USC § 605 and 17 USC §501, respectively. The Federal Communication Act, 47 U.S.C §605 (hereinafter "the Communications Act") which provides in pertinent part: "no person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." This is a strict liability statute and for a finding of liability, the Plaintiff is required only to prove the unauthorized

exhibition of the intercepted transmission.  This was reiterated in J&J Sports Prods., Inc. v. Old

Bailey Corp:

> "Plaintiff has also stated a claim under 47 U.S.C. § 605, and no meritorious defense is evident from the record.[1] That statute prohibits the unauthorized interception and publication of communications. 47 U.S.C. § 605(a). Satisfaction of three elements is required: "(1) interception of a satellite transmission or broadcast, (2) lack of authorization, and (3) publication." *J&J Sports Prods. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018).
>
> J&J Sports Prods., Inc. v. Old Bailey Corp., No. 18CV8829KSHCLW, 2019 WL 4267856, at *2 (D.N.J. Sept. 9, 2019)

Additionally, the Plaintiff is entitled to a ruling that the infringement is willful if the

Plaintiff can show that the Defendants acted despite knowing they did not have the legal right to

exhibit the broadcast. Recently, a court in this circuit held a willful violation is one that occurs

when the Defendant knows or should have known their actions constitute infringement:

> "A willful violation occurs when a defendant knows or should have known that his or her actions constitute copyright infringement." *Graphic Styles/styles Int'l LLC v. Kumar*, Civ. A. No. 14-4283, 2016 WL 299083, at *5 (E.D. Pa. Jan. 25, 2016)."
>
> Joe Hand Promotions, Inc. v. Verzella, No. CV 18-2321, 2019 WL 5626260, at *2 (E.D. Pa. Oct. 31, 2019)

Count III of the Complaint refers to the Copyright Statute 17 U.S.C. 501 (a). §501(a)

which states: "Anyone who violates **any** of the exclusive rights of the copyright owner as provided

by sections 106 through 122 or of the author as provided in section 106A (a), is an infringer of the

copyright or right of the author, as the case may be…" it is then followed by (b) "The legal or

beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of

section 411, to institute an action for any infringement of that particular right committed while he

or she is the owner of it." 17 U.S.C. §106 lists the Exclusive rights in copyrighted works, Plaintiff is moving for Summary Judgement based on either § 106 (4) or (5):

(4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to **perform the copyrighted work publicly**;

(5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, **to display the copyrighted work publicly**;

In order for Plaintiff to be successful in its Summary Judgement motion they must show the following:

1. The plaintiff owned the copyright for the broadcasted event on the night in question.

2. Plaintiff did not authorize the work to be performed publicly to TEAM LAVECCHIA LLC d/b/a PAR 440 RESTAURANT & LOUNGE, (TEAM LAVECCHIA LLC d/b/a PAR 440 RESTAURANT & LOUNGE, is the corporation, and MARIO LAVECCHIA is the owner of TEAM LAVECCHIA LLC d/b/a PAR 440 RESTAURANT & LOUNGE) and

3. The Defendants performed the work.

If the Plaintiff can satisfy all three of these elements, then the Plaintiff is entitled to Summary Judgement because there can be no disputable issue of genuine material fact in regard to Count III of the Complaint.

The plaintiff is moving for summary judgment on liability under 47 U.S.C. § 605 and 17 U.S.C. §501, Counts I and III of the Complaint and should Summary Judgment be granted with respect to those Counts, the Plaintiff will withdraw their alternative theory of liability claim 47 U.S.C. § 553 claims in Count II.   Pursuant to the Federal Rules of Procedure Rule 56, the Plaintiffs are moving for Summary Judgement as to liability only on those parts of the claim.

**PLAINTIFF IS ENTITLED TO SUMMARY JUDGEMENT ON COUNT I OF COMPLAINT FOR DEFENDANTS' WILLFUL VIOLATION OF 47 U.S.C. 605**

### A) <u>47 U.S.C. §605  THE COMMUNICATIONS ACT</u>

The Federal Communication Act, 47 U.S.C. §605 (hereinafter, "the Communications Act") provides in pertinent part: "no person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (of any information therein contained) for his own benefit or for the benefit of another not entitled thereto." Last year, this circuit has reinforced this position that in order to establish a willful violation of § 605 or §503 all that is required is an unauthorized showing of the broadcast:

> "Courts have generally found that willfulness under § 605 is "established by the fact that an event is broadcast without authorization.""...
>
> Here, Zuffa's assertions, as pleaded and now deemed admitted, provide sufficient evidence for the Court to conclude that the Defendants did in fact stream the Broadcast. (*See* ECF No. 17-4, at 8–9.) And as stated above, Defendants did not have authorization to do so. The Court therefore concludes that Defendants willfully violated § 605."
>
> <u>Zuffa, LLC v. Perris</u>, No. 2:19-CV-00938, 2020 WL 502645, at *4 (W.D. Pa. Jan. 31, 2020)

Additionally, the intent is immaterial to the liability in this action. Recently, this Circuit held that the intent is irrelevant in determining liability, rather what matters is that the following be established in order for Plaintiff to be entitled to Summary Judgement:

> "Plaintiff has also stated a claim under 47 U.S.C. § 605, and no meritorious defense is evident from the record.[1] That statute prohibits the unauthorized interception and publication of communications. 47 U.S.C. § 605(a). Satisfaction of three elements is required: "(1) interception of a satellite transmission or broadcast, (2) lack of authorization, and (3)

publication." *J&J Sports Prods. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018).

Id. J&J Sports Prods., Inc. v. Old Bailey Corp., at *2 (D.N.J. Sept. 9, 2019)

The advertisements that the Defendants displayed on their website prior to the event promoting the UFC 237 Event  are attached as **Exhibit "B"** to this Motion for Summary Judgment. These advertisements are clear indications of the defendants' willful intent to solicit customers and the intentional nature of the exhibition of Plaintiff's Program.

A private right of action, such as the one in the instant matter, exists under the Communications Act.  See 47 U.S.C. section 605(e).

47 U.S.C. § 605 is explicitly clear in what practices are prohibited when intercepting, or using a signal. There is significant case law that uses *Int'l Cablevision, Inc. v. Sykes* as the standard for determining what is considered an interception. "The first sentence of § 605(a) prohibits persons "receiving, assisting in receiving, transmitting, or assisting in transmitting ... any interstate or foreign communication by wire or radio" from divulging or publishing the contents of that communication except in specified, authorized ways. The second sentence prohibits any "person not being authorized *130 by the sender" from "intercept[ing] any radio communication and divulg[ing] ... [its] contents ... to any person." The third sentence prohibits any "person not being entitled thereto [from] receiv[ing] or assist[ing] in receiving any interstate or foreign communication by radio and us[ing] such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto." Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123, 129–30 (2d Cir. 1996).

**B)** **PLAINTIFF DID NOT AUTHORIZE DEFENDANT TO EXHIBIT THE BROADCAST**

As verified by the Plaintiff's affidavit attached hereto, Plaintiff did not provide commercial authorization to Defendants to show the Broadcast and Defendants did not obtain authorization from Plaintiff to publicly exhibit the Broadcast within their establishment. Defendants have not produced a contract with the Plaintiff to dispute otherwise. The plaintiff's auditor identified the public exhibition of the Program within TEAM LAVECCHIA LLC d/b/a PAR 440 RESTAURANT & LOUNGE, located at 440 Parsonage Hill Road, Short Hills, NJ 07078.

On June 23, 2020, the Plaintiff served Defendants with Discovery Demands. Plaintiffs Requests and Defendants' responses are attached as **Exhibit C** and **D**, respectively. The responses provided have included admission of a residential program purchase via ESPN + as well as admissions to the public performance without authorization.

Regardless of their method of interception, whether by streaming, cable or satellite, the Defendants did not obtain a commercial license from the Plaintiff, or their commercial sales distributor, authorizing the commercial exhibition of the Program. In the Defendants' response to Plaintiff's Requests for Admissions and Interrogatories, the Defendants admitted to purchasing UFC 237 via ESPN + (Responses attached as **Exhibit D).**

The Defendants admit that they streamed the event online and obtained the residential verison of the event and performed that version commercially. The Disney/ESPN + Terms of Service (attached as **Exhibit E**) clearly state that the residential feed of the Program is for personal, non-commercial use only.

"A. Consumer License. If a Disney Product, or third party providing Disney Products subject to this Agreement, is configured to enable the use of software, content, virtual items or other materials owned or licensed by us, we grant you a limited, non-exclusive, non-sublicensable, non-transferable license to access and

use in the United States such software, content, virtual item or other material for your personal, noncommercial use only, only for as long as that Disney Product is made available to you by us, or an authorized third party, and only in accordance with this Agreement and/or the specific terms that apply to that Disney Product, with no right to reproduce, distribute, communicate to the public, make available to the public, or transform any Disney Product, in any media format or channel now known or hereafter devised (except as may be expressly described or contemplated within the Disney Product). This is a license agreement and not an agreement for sale or assignment of any rights in the Disney Products. Except as we specifically agree in writing, no element of the Disney Products may be used or exploited in any way other than as part of the authorized Product made available to you. You may own the physical media on which elements of the Disney Products are made available to you, but we retain full and complete ownership of the Disney intellectual property. We do not transfer title to any portion of the Disney websites, software, applications, content, virtual items or other materials and/or services to you. Likewise, the purchase of a license to use any Disney Product does not create an ownership interest in the Disney websites, software, applications, content, virtual items or other materials and/or services."

This alone is an unambiguous indication of the Defendants' willful attempt to avoid paying the appropriate license fee and perform the program in their commercial establishment in order to profit using the Plaintiff's product. In addition to the receipt, the willfulness of the exhibition has been verified by the advertisements on the Defendants' website promoting the UFC 237 Event to be exhibited at Par 440 as well as their website, advertising the UFC 237 Event (these advertisements are attached as **Exhibit B).**

These admissions and documents serve as an unequivocal admission to the willful exhibition of the UFC 237 Program on May 11, 2019, within the Defendants' establiisment located at 440 Parsonage Hill Road, Short Hills, NJ 07078. The Defendants admissions below (numbered as reflected so it correlates to the number of the admission given on the Request for Admissions or Interrogatory) to Plaintiff's FRCP 36 requests establishes that there is no genuine dispute as to any material fact and entitles Plaintiff to judgment as a matter of law as to defendants liability for their willful violation of 47 U.S.C. § 605:

**<u>Responses to Plaintiff's Requests for Admissions</u>**

1. Either MARIO LAVECCHIA and/or ROBERT LAVECCHIA were the owner and liquor license holder for the premises known as TEAM LAVECCHIA LLC, on the date of May 11, 2019.
**Admit**

2. MARIO LAVECCHIA and/or ROBERT LAVECCHIA were the officers/principals of TEAM LAVECCHIA LLC on the date of May 11, 2019.
**Admit**

8. TEAM LAVECCHIA LLC was open for business on the evening of May 11, 2019.
**Admit**

9. TEAM LAVECCHIA LLC was located at 440 Parsonage Hill Road, Short Hills, NJ 07078 on the date of May 11, 2019.
**Admit**

10. TEAM LAVECCHIA LLC had the capability of receiving broadband and/or WI-FI and/or satellite television broadcasts on May 11, 2019.
**Admit**

11. TEAM LAVECCHIA LLC had the capability of receiving cable television broadcasts on May 11, 2019.
**Admit**

12. TEAM LAVECCHIA LLC has reviewed site inspection videos hyperlinked above?
**Admit**

13. The site inspection videos hyperlinked above accurately depicts the inside of the establishment known as PAR 440 RESTAURANT.
**Admit**

14. The site inspection videos hyperlinked above accurately depicts that TEAM LAVECCHIA LLC did, in fact, exhibit a portion of the May 11, 2019 UFC 237 EVENT, and/or any of its undercard matches.
**Admit**

15. TEAM LAVECCHIA LLC was, in fact, a commercial business and not a residential dwelling on May 11, 2019.
**Admit**

16. TEAM LAVECCHIA LLC was, in fact, a commercial bar/restaurant business that served food and/or alcohol on the date of May 11, 2019.

**Admit**

18. TEAM LAVECCHIA LLC had a capacity load in its establishment for 101-200 patrons on the date of May 11, 2019.
**Admit**

19. MARIO LAVECCHIA AND ROBERT LAVECCHIA were the individuals with close control over the internal operating procedures and employment practices of TEAM LAVECCHIA LLC d/b/a PAR 440 RESTAUARANT & LOUNGE, on May 11, 2019.
**Admit**

20. TEAM LAVECCHIA LLC authorized the exhibition of the UFC 237 EVENT, and/or any of its undercard matches within the establishment known as TEAM LAVECCHIA LLC d/b/a PAR 440 RESTAURANT & LOUNGE on May 11, 2019.
**Admit**

21. TEAM LAVECCHIA LLC took deliberate steps to obtain the UFC 237 EVENT on May 11, 2019.
**Admit**

22. TEAM LAVECCHIA LLC advertised their intention to exhibit the UFC 237 EVENT at TEAM LAVECCHIA LLC on May 11, 2019 on their website.
**Admit**

23. MARIO LAVECCHIA AND ROBERT LAVECCHIA had supervisory capacity and a financial interest in TEAM LAVECCHIA LLC d/b/a PAR 440 RESTAURANT &LOUNGE on May 11, 2019.
**Admit**


**Plaintiff's Interrogatories To Defendants**


"6. Was a portion of the UFC 237 EVENT exhibited on May 11, 2019 at the place of business known as TEAM LAVECCHIA LLC d/b/a PAR 440 RESTAURANT & LOUNGE, and located at 440 Parsonage Hill Road, Short Hills, NJ 07078?

**All of it.**

If yes, provide the steps taken to order/obtain said event as well as those taken to exhibit the event.

**Defendant signed up for ESPN and ESPN+. ESPN+ bills itself as the home of the UFC Pay-Per-Views. (See attached articles from the UFC and Forbes). As subscribers, Defendant has access to said Pay-Per-Views."**

7. If yes, to question #5 how was the signal to the UFC 237 EVENT obtained?

**Online through broadband internet.**

11. Did Defendants, MARIO and/or ROBERT LAVECCHIA and/or TEAM LAVECCHIA LLC d/b/a PAR 440 RESTAURANT & LOUNGE, enter into an agreement or receive any sort of permission to exhibit: UFC 237 EVENT from ZUFFA LLC, or its Exclusive Commercial distributor JOE HAND PROMOTIONS, INC. or any other entity at the establishment known as CHICKEN BULLET either prior to or on the night of May 11, 2019?
If yes, please provide a copy of any such agreement

**No because Defendant had no reason to believe that they were involved in the process due to the fact that they sold the distribution through Disney and ESPN. Defendant signed up for ESPN and ESPN+. ESPN+ bills itself as the home of the UFC Pay-Per-Views. (See attached articles from the UFC and Forbes). As subscribers, Defendant has access to said Pay-Per-Views.**

ESPN +/Disney were not the authorized distributors of the event to commercial establishments. ESPN +/Disney only had the rights to distribute the event for private, non-commercial viewing only. The Defendants' purchase of the broadcast through ESPN + is no defense to their violation of Section §605(d) of the Communications Act.

Based upon the governing case law and the admissions provided by the Defendant pursuant to Plaintiff's FRCP 36 requests there exists no genuine issue of material fact as to the unauthorized exhibition of the UFC 237 Event on May 11, 2019, and Plaintiff is entitled to judgment on Count I of the Complaint.

## PLAINTIFF IS ENTITLED TO SUMMARY JUDGEMENT ON COUNT III OF COMPLAINT FOR DEFENDANTS WILLFUL VIOLATION OF 17 U.S.C. 501 (a)

### A) PLAINTIFF IS OWNER OF THE COPYRIGHT

This circuit has conclusively established a standard for copyright infringement:

"To establish a claim of copyright infringement, a plaintiff must show: *173 "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet*

> *Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002).

> Tanksley v. Daniels, 902 F.3d 165, 172–73 (3d Cir. 2018), cert. denied, 139 S. Ct. 1175, 203 L. Ed. 2d 199 (2019), reh'g denied, 139 S. Ct. 1596, 203 L. Ed. 2d 749 (2019)

The first element to this motion is that the Plaintiff must show that the Plaintiff was, in fact, the owner of the Copyright for the UFC 237 Event on May 11, 2019. The plaintiff meets that element. ZUFFA, LLC, is the owner of the May 11, 2019, UFC 237 Program, including all undercard matches and the entire television broadcast, scheduled for May 11, 2019.  The Certificate of Copyright registration has been issued by the U.S. Copyright Office. (*See* U.S. Certificate of Copyright Registration No. PA0002182153 and PA0002182156, attached as "**Exhibit F**").  This circuit has held that certification of registration of the work is prima facie evidence of the validity of the copyright:

> "Regarding the ownership element, proof of ownership is typically established by attaching to a complaint a copy of the Copyright Office registration. *See Healthcare Advocates, Inc. v. Harding, Earley, Follmer & Frailey,* 497 F.Supp.2d 627, 635 (E.D.Pa.2007).  Indeed, prior registration of the copyright with the Copyright Office is a precondition to instituting a copyright action. 17 U.S.C. § 411(a)"

> Zaslow v. Coleman, 103 F. Supp. 3d 657, 662 (E.D. Pa. 2015)

Therefore, the Plaintiff owned the copyright and possessed the right to distribute the UFC 237 Event on May 11, 2019, to commercial entities. Thus, no genuine issue of fact exists regarding the 1st element of this Copyright claim.

## B) <u>PLAINTIFF DID NOT AUTHORIZE DEFENDANT TO PERFORM WORK PUBLICLY</u>

The second element to this Motion requires the Plaintiff to prove that they did not authorize the performance or copying of the copyrighted material. As verified by Plaintiff's affidavit by Riche McKnight, General Counsel to ZUFFA, LLC, attached hereto, it is clear that Plaintiff did not authorize Defendants to show the Broadcast and Defendants did not obtain authorization from Plaintiff to publicly exhibit the Broadcast.

In the Defendants' Responses attached hereto as "**Exhibit D**", Defendants admit that they purchased the residential version of the event through ESPN +/Disney, and then performed the Copyrighted work commercially. Additionally, this exhibition was willful and used to solicit financial gain which is evidenced by the advertisements posted by Defendants, attached as "**Exhibit B**" to this Motion for Summary Judgment. The responses to the Plaintiff's Discovery requests establish that no genuine issue as to any material fact exists and thus entitles the Plaintiff to judgment as a matter of law based on violations of 47 U.S.C§ 501.

The Defendants have admitted that they did not have an agreement in place with the Plaintiff that allowed the Defendant to perform this work publicly and the establishment in question had the capability to obtain broadband, WI-FI, or Satellite signal for at least part of the night. During that time, the Defendant was able to air the copyrighted programming that belongs to Plaintiff, without authorization.

This court has conclusively ruled on what is considered an unauthorized broadcast:

> "Plaintiff pleads that it had the exclusive right to distribute the UFC broadcast, it entered into sublicense agreements with various establishments in New Jersey permitting the establishments to broadcast the event to patrons, and it did not enter into such a sublicense agreement with Defendants. Compl. ¶¶ 14-18. This is sufficient to establish that Defendants were not authorized to intercept the broadcast. *See Joe Hand Promotions, Inc. v. Waldron*, No. 11-849, 2013 WL 1007398, at *3 (D.N.J. March 13, 2013)."

> Joe Hand Promotions, Inc. v. Batra, No. CV 15-5863, 2017 WL 838798, at
> *2 (D.N.J. Mar. 2, 2017)

Furthermore, this circuit has made it explicitly clear that an infringement is willful if it is

done intentionally.

> "A willful violation occurs when a defendant knows or should have known
> that his or         her actions constitute copyright infringement." *Graphic
> Styles/styles Int'l LLC v. Kumar*, Civ. A. No. 14-4283, 2016 WL 299083, at
> *5 (E.D. Pa. Jan. 25, 2016)."

> Id. Joe Hand Promotions, Inc. v. Verzella, at *2.

The exhibition without authorization is present and admitted by the Defendants and its

willfulness was verified by the advertisements via Defendants' website, (**Exhibit B**). Thus, no

genuine issue of fact exists to dispute that no authorization was given by the Plaintiff to the

Defendants, and the interception and performance of the Event were done so willfully, this satisfies

the second element.

## C) <u>DEFENDANTS DID IN FACT PUBLICLY PERFORM THE WORK</u>

The final element to this motion requires that the Plaintiff must show that there is no

genuine issue of material fact in regard to whether Defendants performed the work. Performance

is defined as showing a work to the public. This is very clearly exemplified in the Supreme Court

case *American Broadcast Companies v Aereo* "Does Aereo "perform"? See § 106(4) ("[T]he

owner of [a] copyright ... has the exclusive righ[t] ... to *perform* the copyrighted work publicly"

(emphasis added)); § 101 ("To *perform* ... a work 'publicly' means [among other things] to

transmit ... a performance ... of the work ... to the public ..." (emphasis added)).  This eliminates

all potential confusion as to what a performance is or may be interpreted to be.

Plaintiff relies on the Defendants' admissions that they purchased the residential feed to

the UFC 237 via ESPN  +, and other admissions from the Defendants (**Exhibit D),** along with the

site inspection videos, to prove that Defendants did, in fact, perform the work to the public. For the Court's convenience, the links to the videos are linked above, and a disc has been submitted to the court.  The plaintiff engaged auditors on the night in question in order to enforce its rights to protect its Copyrighted work. An engaged auditor, Karen Closkey, went to Par 440 and recorded the work being publicly performed within the establishment. The auditor's site inspection attached hereto as "**Exhibit G**" to this Motion and as "Exhibit C" to the Affidavit of Riche McKnight, references the video recordings made as a part therein.

This district has held that when a Plaintiff holds the exclusive copyrights to distribution and performance and when a Defendant publicly displays the Broadcast at a commercial establishment without authorization, and the Defendant had the right to exercise control and supervision over the establishment, Defendants are liable for that violation of the copyright. In J & J Sports Productions Inc. v. Cruz, the court established that the same standard for individual liability in 47 U.S.C. §553 context applies to a copyright context:

> "The standard suggested by J & J originates from a Second Circuit Court of Appeals' decision which crafted a test for vicarious liability in the copyright context. See Softel, Inc. v. Dragon Med. & Scientific Commuc'ns, Inc., 118 F.3d 955 (2d Cir.1997). The Court in Joe Hand Promotions, Inc. v. Yakubets carefully analyzed the substance of the Softel test and its application to violations under § 553, finding that the financial interest requirement can only be met if the infringement causes a financial benefit to accrue to the defendant, and not simply because the individual defendant is president and/or a shareholder of the codefendant corporation. See 3 F.Supp.3d 261, 295–96 (E.D.Pa. Mar. 11, 2014) (citations omitted). After a thorough analysis of the copyright case law, the Yakubets Court created a standard to hold an individual vicariously liable for the acts of his company for a § 553 violation: An individual may be liable if he "(1) has the right and ability to supervise the violative activity, although he need not actually be supervising, because he need not know of the violative activity, and (2) has a direct financial interest in the violation, i.e., financial benefits, even if not proportional or precisely calculable, that directly flow from the violative activity ." Id. at 296 (emphasis added). Importantly, this standard does not require actual knowledge or supervision. Id. at 299."

J & J Sports Prods., Inc. v. Cruz, No. CIV.A. 14-2496, 2015 WL 2376290,
at *4 (E.D. Pa. May 18, 2015)

As shown below, Defendants have admitted to the right and ability to supervise the

wrongful act and had a direct financial interest in the activity:

**Responses to Plaintiff's Requests for Admissions as to TEAM LAVECCHIA LLC d/b/a PAR**

**440 RESTAURANT & LOUNGE:**

> 19. MARIO LAVECCHIA AND ROBERT LAVECCHIA were the individuals
> with close control over the internal operating procedures and employment
> practices of TEAM LAVECCHIA LLC d/b/a PAR 440 RESTAUARANT &
> LOUNGE, on May 11, 2019.
> **Admit**
>
> 20. TEAM LAVECCHIA LLC authorized the exhibition of the UFC 237
> EVENT, and/or any of its undercard matches within the establishment known as
> TEAM LAVECCHIA LLC d/b/a PAR 440 RESTAURANT & LOUNGE on May
> 11, 2019.
> **Admit**
>
> 21. TEAM LAVECCHIA LLC took deliberate steps to obtain the UFC 237
> EVENT on May 11, 2019.
> **Admit**
>
> 22. TEAM LAVECCHIA LLC advertised their intention to exhibit the UFC 237
> EVENT at TEAM LAVECCHIA LLC on May 11, 2019 on their website.
> **Admit**
>
> 23. MARIO LAVECCHIA AND ROBERT LAVECCHIA had supervisory
> capacity and a financial interest in TEAM LAVECCHIA LLC d/b/a PAR 440
> RESTAURANT &LOUNGE on May 11, 2019.
> **Admit**

Additionally, as shown above, it was, established that the copyright act does not require

that the infringer know that he is infringing:

"Importantly, this standard does not require actual knowledge or supervision. Id. at 299." ***Id.***

This satisfies the third prong of the Summary Judgement claim. In the video footage, the Plaintiff's auditor enters the establishment known as Par 440 and documents the bar publicly performing the copyrighted work in violation of the Copyrights of the Plaintiff. As mentioned above, the Supreme Court conclusively established in *Aereo* that a public performance is to transmit the copyrighted work to the public. Defendants publicly performed the work by transmitting the fight to the public.

## **CONCLUSION**

For these reasons, there can be no genuine issue of material fact that the Defendant violated the statutes alleged in Count I and III of the complaints. Plaintiff has shown in this motion that Plaintiff, in fact, owned the copyright, Plaintiff did not authorize Defendants to perform or show the copyrighted work, and Defendants, in fact, intentionally performed the copyrighted work despite the lack of authorization from Plaintiff.  Plaintiff respectfully requests that this Court enter summary judgment as to liability against Defendants in regard to Count I and Count III of the complaint, and to order further proceedings regarding the amount of damages and costs and fees.

Dated: February 4, 2021
      Ellenville, New York

                             **ZUFFA, LLC**

                       By: /s/Alexander Z. Lonstein
                         Alexander Z. Lonstein, Esq. (AL7381)
                         LONSTEIN LAW OFFICE, P.C.
                         190 South Main Street
                         P.O. Box 351
                         Ellenville, New York 12428
                         Telephone:  845-647-8500
                         Facsimile:  845-647-6277
                         Email: Legal@signallaw.com
                         *Our File No. ZU19-13NJ-01*

## <u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that, on February 4, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel:

Michael S. Kasanoff, Esq.
157 Broad Street
Red Bank, NJ 07701

By: <u>/s/Alexander Z. Lonstein</u>
Alexander Z. Lonstein, Esq.
